928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. BENNETT, Plaintiff-Appellant,
v.
UNITED STATES of America, DEPARTMENT OF DEFENSE, Defendant-Appellee.
 No. 90-1880.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 E.D.Mich., No. 89-40230; Newblatt, J.
 E.D.Mich.
 AFFIRMED.
 Before KEITH and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff initiated the case under 5 U.S.C. Sec. 552a(g)(1)(C) as a result of a dispute over amendment of his health benefit records by the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) of which plaintiff and his wife are beneficiaries. Michigan claims are processed through The Associated Group (TAG) which experienced a systems error on December 11-14, 1988, which caused claims to be processed without the taking of a cost-share payment. Plaintiff realized an error had been made and forwarded a check in the amount which he calculated was his cost-share. By letter dated January 9, 1989, he requested that his records be corrected as to his yearly deductible and his cost-share payment. No reference to the Privacy Act was made. On June 21, 1989, TAG requested documents from plaintiff which were necessary to verify and amend his claim. Plaintiff initially refused to supply such documentation.
 
 
 3
 The district court granted a motion for summary judgment and dismissed the action with prejudice after finding that plaintiff had received a corrected Explanation of Benefits and a refund check but had failed to show that defendant's actions were intentional.
 
 
 4
 Prior to filing copies of the joint appendix with this court, the plaintiff filed a motion to require the appellees to advance the costs of including certain transcripts in the joint appendix, pursuant to Fed.R.App.P. 30(b). This court granted the motion in an order filed on November 2, 1990. Currently pending before this court is the plaintiff's motion to enforce that order.
 
 
 5
 After careful review of the district court record and the briefs on appeal, this court has determined that the judgment of the district court should be affirmed for the reasons stated in its March 19, 1990, amended memorandum and order, and that, consequently, the plaintiff's motion to enforce our order for costs should be denied. Fed.R.App.P. 39(b).
 
 
 6
 Accordingly, it is ORDERED that plaintiff's motion be denied, that this court's order of November 2, 1990, be vacated, and that the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.